United States District Court
Northern District of California

1

2

3

4

5

6                            UNITED STATES DISTRICT COURT

7

8                            NORTHERN DISTRICT OF CALIFORNIA

9

10      UNITED STATES OF AMERICA,

11               Plaintiff,                          No.  C 21-08735 WHA

12          v.

13      UBER TECHNOLOGIES, INC.,                     **CASE MANAGEMENT ORDER**

14               Defendant.

15      _____

16          After a case management conference, the Court enters the following order pursuant to

17      Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

18      1.   The Answer is due in **FOURTEEN CALENDAR DAYS**.

19      2.   All initial disclosures under FRCP 26 must be completed by **APRIL 29, 2022**, on pain of

20           preclusion under FRCP 37(c), including full and faithful compliance with FRCP

21           26(a)(1)(A)(iii).

22      3.   Leave to add any new parties or to amend pleadings must be sought by **MAY 31, 2022**.

23      4.   The private mediator is selected, and mediation is on calendar.  Judge Nandor Vadas

24           was appointed but is now **RELIEVED**.  The mediation must be completed by **JUNE 17,**

25           **2022**.

26      5.   The non-expert discovery cut-off date shall be **AUGUST 31, 2022**.

27      6.   The last date for designation of expert testimony and disclosure of full expert reports

28           under FRCP 26(a)(2) as to any issue on which a party has the burden of proof

United States District Court
Northern District of California

1    ("opening reports") shall be **AUGUST 31, 2022**.  Within **FOURTEEN CALENDAR DAYS** of

2    said deadline, all other parties must disclose any expert reports on the same issue

3    ("opposition reports").  Within seven calendar days thereafter, the party with the burden

4    of proof must disclose any reply reports rebutting specific material in opposition

5    reports.  Reply reports must be limited to true rebuttal and should be very brief.  They

6    should not add new material that should have been placed in the opening report and the

7    reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the

8    trial.  If the party with the burden of proof neglects to make a timely disclosure, the

9    other side, if it wishes to put in expert evidence on the same issue anyway, must

10   disclose its expert report within the fourteen-day period.  In that event, the party with

11   the burden of proof on the issue may then file a reply expert report within the seven-day

12   period, subject to possible exclusion for "sandbagging" and, at all events, any such

13   reply material may be presented at trial only after, if at all, the other side actually

14   presents expert testimony to which the reply is responsive.  The cutoff for all expert

15   discovery shall be fourteen calendar days after the deadline for reply reports.  In aid of

16   preparing an opposition or reply report, a responding party may depose the adverse

17   expert sufficiently before the deadline for the opposition or reply report so as to use the

18   testimony in preparing the response.  Experts must make themselves readily available

19   for such depositions.  Alternatively, the responding party can elect to depose the expert

20   later in the expert-discovery period.  An expert, however, may be deposed only once

21   unless the expert is used for different opening and/or opposition reports, in which case

22   the expert may be deposed independently on the subject matter of each report.  At least

23   28 calendar days before the due date for opening reports, each party shall serve a list of

24   issues on which it will offer any expert testimony in its case-in-chief (including from

25   non-retained experts).  This is so that all parties will be timely able to obtain counter-

26   experts on the listed issues and to facilitate the timely completeness of all expert

27   reports.  Failure to so disclose may result in preclusion.

28

United States District Court
Northern District of California

7. As to damages studies, the cut-off date for past damages will be as of the expert report (or such earlier date as the expert may select).  In addition, the experts may try to project future damages (i.e., after the cut-off date) if the substantive standards for future damages can be met.  With timely leave of Court or by written stipulation, the experts may update their reports (with supplemental reports) to a date closer to the time of trial.

8. At trial, the opening testimony of experts on direct examination will be limited to the matters disclosed in their opening reports (and any reply reports may be covered only on rebuttal or sur-rebuttal).  Omitted material may not ordinarily be added on direct examination.  This means the reports must be complete and sufficiently detailed.  Illustrative animations, diagrams, charts, and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury.  If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination.  By written stipulation, of course, all sides may relax these requirements.  For trial, an expert must learn and testify to the full amount of billing and unbilled time by him or his firm on the engagement.

9. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, i.e., whose version of the facts in dispute is correct.  This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards.  Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario.  This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury.  Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury.  This subject is addressed further in the trial guidelines referenced below.

United States District Court
Northern District of California

10.     Counsel need not request a motion hearing date and may notice non-discovery motions for either the second or fourth Thursday of each month (excepting holidays) at 8:00 a.m.  The Court sometimes rules on the papers, issuing a written order and vacating the hearing.  If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.  Unless discovery supervision has been referred to a magistrate judge, discovery motions should be as per the supplemental order referenced below.

11.     The last date to file dispositive motions shall be **SEPTEMBER 1, 2022**.  No dispositive motions shall be heard more than 35 days after this deadline, i.e., if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

12.     The final pretrial conference shall be held on **NOVEMBER 2, 2022**, at 2:00 p.m. Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference.  For the form of submissions for the final pretrial conference and trial, please see paragraph below.

13.     A jury trial shall begin on **NOVEMBER 7, 2022**, at 7:30 a.m., in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.  The trial schedule and time limits shall be set at the final pretrial conference.  Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

14.     Counsel may not stipulate around the foregoing dates without Court approval.

15.     While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences or mediation.  The

United States District Court
Northern District of California

1   parties should proceed to prepare their cases for trial.  No continuance (even if

2   stipulated) shall be granted on the ground of incomplete preparation without competent

3   and detailed declarations setting forth good cause.

4   16.   To avoid any misunderstanding with respect to the final pretrial conference and trial,

5   the Court wishes to emphasize that all filings and appearances must be made — on pain

6   of dismissal, default, or other sanction — unless and until a dismissal fully resolving

7   the case is received.  It will not be enough to inform the clerk that a settlement in

8   principle has been reached or to lodge a partially executed settlement agreement or to

9   lodge a fully executed agreement (or dismissal) that resolves less than the entire case.

10   Where, however, a fully-executed settlement agreement clearly and fully disposing of

11   the entire case is lodged reasonably in advance of the pretrial conference or trial and

12   only a ministerial act remains, the Court will arrange a telephone conference to work

13   out an alternate procedure pending a formal dismissal.

14   17.   If you have not already done so, please read and follow the "Supplemental Order to

15   Order Setting Initial Case Management Conference in Civil Cases Before Judge

16   William Alsup" and other orders issued by the Clerk's office when this action was

17   commenced.  Among other things, the supplemental order explains when submissions

18   are to go to the Clerk's Office (the general rule) versus when submissions may go

19   directly to chambers (rarely).  With respect to the final pretrial conference and trial,

20   please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil

21   [Jury/Bench] Cases Before The Honorable William Alsup."  All orders and guidelines

22   referenced in the paragraph are available on the district court's website at

23   http://www.cand.uscourts.gov.  The website also includes other guidelines for

24   attorney's fees motions and the necessary form of attorney time records for cases

25   before Judge Alsup.  If you do not have access to the Internet, you may contact Deputy

26   Clerk Angie Meuleman at (415) 522-2020 to learn how to pick up a hard copy.

27   18.   All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

28   must be made on the schedule established by said rule.

19. During the pandemic, all counsel, witnesses and parties or personnel in the courtroom

— including potential jurors — must be fully vaccinated, meaning with booster shots.

Written proof of vaccination and booster will be required.

**IT IS SO ORDERED.**

Dated:  April 13, 2022.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

6