DEBO P. ADEGBILE (*pro hac vice*)
debo.adegbile@wilmerhale.com
ALAN E. SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6717
Facsimile:  (212) 230-8888

JOSHUA A. VITTOR
CA Bar No. 326221
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5375
Facsimile:  (213) 443-5400

*Attorneys for Defendant Uber Technologies, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | Case No. 3:21-cv-08735-WHA<br><br>**UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. William Alsup |

1    Uber Technologies, Inc., by and through its counsel, answers the government's complaint (ECF No. 1) as follows:

The unnumbered paragraph that precedes the numbered paragraphs in the government's complaint contains argument and legal conclusions to which no response is required. To the extent it contains allegations of fact, those allegations are denied.

1. The allegations in paragraph 1 are argument and legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 1.

2. The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 2.

3. Uber admits that the government purports to seek relief in this action under 42 U.S.C. § 12188(b)(1)(B). The remaining allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 3.

4. The allegations in paragraph 4 purport to summarize the statutory language of the ADA. To the extent a response is required, Uber denies the allegations in paragraph 4.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 5.

6. Uber admits the allegations in paragraph 6.

7. Uber admits that it is a Delaware corporation, with its principal place of business located in San Francisco, California. The remaining allegations in paragraph 7 are denied.

8. Uber admits that it is a for-profit company, and that registered account holders can use the Uber Rider App to create ride requests, which Uber's technology forwards to available independent third party transportation providers in proximity to the requesting account holder, if any. The remaining allegations in paragraph 8 are denied.

9. Uber denies the allegations in paragraph 9.

10. Uber admits that ride-sharing technology and the services and efforts of independent third parties that sell transportation services have provided new freedom of travel for many people with disabilities. Uber denies the remaining allegations in paragraph 10.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 11.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 12.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 13.

14. Uber denies the allegations in paragraph 14.

15. The allegations in paragraph 15 are legal conclusions to which no response is required.

16. The allegations in paragraph 16 are legal conclusions to which no response is required.

17. Uber admits that its principal place of business is located in San Francisco, California. The remaining allegations in paragraph 17 are legal conclusions to which no response is required

18. Uber admits that its headquarters is located in San Francisco, California. The remaining allegations in paragraph 18 are legal conclusions to which no response is required.

19. Uber admits that in or around April 2016, it began to implement a generally applicable policy for charging rider accounts wait time fees for certain trip types in the United States. Uber otherwise denies the allegations in paragraph 19.

20. Uber admits that it has a generally applicable policy for charging some rider accounts wait time fees, starting two minutes after an independent third-party driver arrives at the pick-up location, until the rider's driver begins the trip. The fee does not apply to certain trip types, such as Uber Pool and Uber WAV. Uber otherwise denies the allegations in paragraph 20.

21. Uber admits that it has a generally applicable policy for charging some rider accounts wait time fees, which start to accrue two minutes after an independent third-party driver arrives at the pick-up location. The fee does not apply to certain trip types, such as Uber Pool and Uber WAV. Uber otherwise denies the allegations in paragraph 21.

22. The allegations in paragraph 22 purport to summarize publicly available statements that can be found on Uber's website. Those publicly available statements speak for themselves. To the extent further response is required, Uber denies that the government fairly represents the wait time fee policy on Uber's website.

23. Uber admits the two-minute window before which wait time fees are charged begins when Uber determines that the independent third-party driver has arrived at the pickup location and that GPS is one factor in determining the driver's arrival. Uber otherwise denies the allegations in paragraph 23.

24. Uber admits that under its wait time fee policy, independent third-party drivers do not have discretion to indicate when they have arrived at the pick-up location.

25. Uber admits that under its wait time fee policy, independent third-party drivers do not have discretion to waive the charging of a wait time fee to a rider account.

26. Uber denies the allegations in paragraph 26.

27. Uber admits that it has a generally applicable policy for charging rider accounts wait time fees, which start to accrue two minutes after an independent third-party driver arrives at the pick-up location and continues until the driver starts the trip. The fee does not apply to certain trip types, such as Uber Pool and Uber WAV. Uber provides a waiver of all wait time fees for rider accounts associated with individuals who request waivers of the wait time fee on their own behalf, by claiming to have based on a disability, or on the behalf of others with whom they regularly ride, by claiming such individual(s) has (have) a disability. Such rider accounts are not charged a wait time fee. Uber otherwise denies the allegations in paragraph 27.

28. Uber admits the allegations in paragraph 28.

1    29.    Uber admits that it has denied wait time fee refunds to some riders. Uber otherwise denies the allegations in paragraph 29.

3    30.    Uber denies the allegations in paragraph 30.

4    31.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, so the allegations are denied.

6    32.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, so the allegations are denied.

8    33.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, so the allegations are denied.

10   34.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, so the allegations are denied.

12   35.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, so the allegations are denied.

14   36.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, so the allegations are denied.

16   37.    Uber denies the allegations in paragraph 37.

17   38.    Uber denies the allegations in paragraph 38.

18   39.    Uber specifically denies that there are "Uber vehicles" and that Passenger A requested one. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, so the allegations are denied.

21   40.    Uber specifically denies that there are "Uber vehicles." Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, so the allegations are denied.

24   41.    Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, so the allegations are denied.

26   42.    Uber denies the allegations in paragraph 42.

27   43.    Uber denies the allegations in paragraph 43.

44. Uber admits that a message was posted to a Twitter account that appears to be associated with Passenger A, naming Uber's Twitter handle (@Uber), and that someone using an account that appears to be associated with Passenger A sent messages to Uber's customer service. Uber otherwise denies the allegations in paragraph 44.

45. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, so the allegations are denied.

46. Uber denies the allegations in paragraph 46.

47. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, so the allegations are denied.

48. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, so the allegations are denied.

49. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, so the allegations are denied.

50. Uber denies that Passenger B used Uber for his transportation needs and denies that he relied on Uber to provide transportation. Uber is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, so the allegations are denied.

51. Uber specifically denies that there are "Uber vehicles." Uber denies that it always takes Passenger B longer than two minutes to board a vehicle. Uber is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, so the allegations are denied.

52. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, so the allegations are denied.

53. Uber denies the allegations in paragraph 53.

54. Uber admits that an account that appears to be associated with Passenger B received refunds for some wait time fee charges on his rider account but not others. Uber otherwise denies the allegations in paragraph 54.

55. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, so the allegations are denied.

56. The allegation in paragraph 56 of purported "discrimination" is a legal conclusion to which no response is required, but to the extent a response is necessary, the allegation is denied. The remaining allegation in paragraph 56 is denied.

57. Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, so the allegations are denied.

58. To the extent a response is necessary to paragraph 58, Uber re-asserts and incorporates by reference its responses to the allegations contained in this Answer.

59. The allegations in paragraph 59 are argument and legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 59.

60. The allegations in paragraph 60 are argument and legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 60.

61. The allegations in paragraph 61 are argument and legal conclusions to which no response is required. To the extent a response is necessary, Uber denies the allegations in paragraph 61.

The allegations that follow the heading "Relief Requested" in the Complaint, including Paragraphs A through F, are not allegations of fact, but are requests for relief to which no response is required. To the extent a response is deemed necessary, Uber denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

The unnumbered paragraph following the prayer for relief is a demand for jury trial to which no response is required. To the extent a response is required, Uber denies that the government is entitled to a jury trial for all issues in this case.

**GENERAL DENIAL**

Any allegation in the government's complaint—including allegations included in any unnumbered headings, subheadings, footnotes, figures, or exhibits—not expressly admitted herein is denied. Any response to an allegation should not be construed as a concession that an allegation is factual in nature instead of a legal conclusion, or vice-versa.

Uber generally denies that the government can meet the burden of proof as to any element of its claims and that the government is entitled to any relief whatsoever, including the recovery of any attorneys' fees or costs.

**AFFIRMATIVE AND OTHER DEFENSES**

Uber asserts the following affirmative and other defenses. To the extent any of the defenses, in whole or in part, serves to negate only an element of the government's cause of action, Uber does not seek to relieve the government of its burden of proof or persuasion on that element, nor does Uber assume the burden of proof of any other burden, if such burden would otherwise be the government's burden. Uber reserves all rights to amend or modify these defenses consistent with the Federal Rules of Civil Procedure.

1. The complaint fails to state a claim upon which relief can be granted.

2. Uber is not subject to 42 U.S.C. § 12184 because Uber is not a private entity primarily engaged in the business of transporting people.

3. Uber is not subject to 42 U.S.C. § 12184 because Uber does not provide specified public transportation services.

4. Uber is not subject to 42 U.S.C. § 12184 because the drivers who choose to use Uber's app to seek and accept ride requests are independent third parties who are not agents of Uber and whom Uber does not employ or control.

5. Uber's wait time fee policy does not inhibit third-party drivers who use Uber's app to seek and accept ride requests from providing adequate time to allow individuals with disabilities to complete boarding or disembarking from the vehicle.

6. Uber's wait time fee policy does not impose any special charges or surcharges on riders with disabilities for providing services necessary to accommodate them or any fare or fees that are higher than are charged to other persons.

7. Uber's wait time fee policy does not impose a disparate, different, or greater burden on riders with disabilities.

8. Because Uber's wait time fee policy is not discriminatory and does not violate the ADA, no modification to any policies, practices, or procedures are necessary to afford the goods, services, facilities, privileges, advantages, or accommodations Uber offers to the public to individuals with disabilities.

9. Insofar as any modification is required, Uber has at all times had in place reasonable modifications necessary to afford services to people with disabilities.

10. Insofar as the government has requested that Uber make reasonable and necessary modifications to policies, practices, or procedures, that relief would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations Uber offers to the public and pose an undue burden on Uber.

11. The government's claims are barred, in whole or in part, by the relevant statute of limitation(s) because the government knew or should have known about any alleged violation more than three years before the complaint was filed and no tolling doctrine applies.

12. The government's claims are barred, in whole or in part, by laches.

13. The government's claims are barred by contractual provisions requiring account holders to dispute any charges within certain time periods.

14. No purportedly aggrieved individuals are entitled to damages because Uber's wait time fee policy does not discriminate on the basis of disability.

15. Individuals who never put Uber on notice of their need for a modification are not aggrieved and so are not entitled to damages.

16. Uber retains all affirmative defenses as to damages claims on behalf of as-yet unidentified purportedly aggrieved individuals as it would in individual actions brought by such individuals, including but not limited to:

    a. Failure to reasonably mitigate damages;

    b. Damages were caused in whole or in part by the purportedly aggrieved individuals themselves;

    c. Damages were caused in whole or in party by third parties whom Uber does not control;

    d. Damages were not reasonably foreseeable to Uber;

    e. Damages were not proximately caused by Uber;

    f. Damages claims are barred by the doctrine of ratification;

    g. Damages are barred by contractual provisions requiring account holder to dispute any charges within certain time periods.

17. Civil penalties against Uber would not vindicate the public interest.

18. The government cannot demonstrate any entitlement to injunctive relief because it cannot demonstrate an imminent risk of irreparable harm.

19. The government cannot demonstrate any entitlement to injunctive relief because it cannot demonstrate that the balance of equities weighs in favor of injunctive relief.

20. The government cannot demonstrate any entitlement to injunctive relief because it does not seek and cannot craft an injunction that complies with the requirements of Federal Rule of Civil Procedure 65 and otherwise comports with due process.

21. The government cannot demonstrate that it is entitled to an award of costs and disbursements.

                    Respectfully submitted,

                    /s/ *Alan E. Schoenfeld*
                    Alan E. Schoenfeld (*pro hac vice*)
                    alan.schoenfeld@wilmerhale.com

UBER TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

Case No. 3:21-cv-08735-WHA

Debo P. Adegbile (*pro hac vice*)
debo.adegbile@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.:  (212) 295-6717
Fax:   (212) 230-8888

Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel.:  (213) 443-5375
Fax:   (213) 443-5400

*Attorneys for Defendant*
*Uber Technologies, Inc.*